UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RULON FREDERICK DEYOUNG,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case Nos.:   2:11-cv-792-CW<br>                     2:12-cv-821-CW<br><br>Related Cases:   2:08-cr-525 CW<br>                           1:06-cv-88 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Following his plea of guilty for crimes under the Tax Code, petitioner Rulon-Frederick DeYoung[1] has filed two separate civil actions challenging the court's jurisdiction and the judgment entered against him. Because of the overlap between the two actions, the court addresses them together in this memorandum decision. For the reasons stated below, the court concludes it has subject-matter jurisdiction and that the judgment against Rulon-Frederick is not void.

## PROCEDURAL BACKGROUND

**Conditional Plea and Appeal**

Rulon-Frederick entered a conditional plea of guilty to Counts One through Five of the Superseding Indictment on May 5, 2010, based on interference with the functions of the Internal

---

[1] Per the petitioner's prior request, the court refers to petitioner as "Rulon-Frederick."

Revenue Service ("IRS") and tax evasion. As a condition of his plea, Rulon-Frederick preserved his right to appeal the court's denial of his motion to dismiss for speedy trial violations. The court found Rulon-Frederick entered his plea freely, voluntarily, and with full knowledge of his rights and consequences of his plea. Rulon-Frederick was sentenced on August 20, 2010, but the court allowed him to remain on release while he appealed the denial of his motion to dismiss. On February 23, 2011, the Tenth Circuit upheld the court's denial and issued its mandate on April 6, 2011. The court then ordered Rulon-Frederick to self report to the Bureau of Prisons ("BOP") by September 8, 2011. Rulon-Frederick complied with that order.

**Case No. 2:11-cv-792**

On August 30, 2011, Rulon-Frederick filed a Motion to Vacate Void Judgment for Lack of Jurisdiction. The court *sua sponte* treated the motion as one brought under 28 U.S.C. § 2255. On January 10, 2012, the court denied the motion. On March 12, 2012, Rulon-Frederick filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 60. In that motion, Rulon-Frederick asserted the court erred in treating his motion as a Habeas Corpus petition under section 2255 because he had not yet self reported to prison when he filed his initial motion. *See* Mot. to Reconsider, 2 (Dkt. No. 5). He further asserted the court erred in concluding it had subject-matter jurisdiction and that the indictment was sufficient.

Next, on April 26, 2012, Rulon-Frederick filed a motion to dismiss his criminal case, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, again on the ground the court lacked subject-matter jurisdiction. In Rulon-Frederick's latest filing, he refers to this motion and a later memorandum as a section 2255 motion. *See* Notice of This Court's Violation of Fed. Rules

& Law, 2 3 (Dkt. No. 24). Then on June 18, 2012, Rulon-Frederick filed a motion for writ of mandamus, which reiterates the arguments made in his previous motions.

**Case No. 2:12-cv-821**

After Rulon-Frederick filed the motions discussed above, he filed an Application for Writ of Habeas Corpus on August 27, 2012. The matter was docketed under a new case number even though it pertains to the same criminal matter addressed in Case No. 2:11-cv-792. Rulon-Frederick contends that application also was not submitted under section 2255. Rather, it is an Original Writ of Habeas Corpus under the authority of the Constitution. Regardless of how the motion was submitted, on November 9, 2012, the court ordered Rulon-Frederick to correct deficiencies it noted in his motion or the case would be dismissed. He did not do so.

## ANALYSIS

I.  **TIMING OF A SECTION 2255 MOTION**

   A.  **Motion Filed in Case No. 2:11-cv-792**

A habeas petition under 28 U.S.C. § 2255 applies to "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). Typically, such a petition must be filed within one-year of "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). When a defendant appeals his conviction, the judgment does not become final until "the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Sandoval*, 371 Fed. Appx. 945, 948 (10th Cir. 2010) (quotations and citation omitted). The Supreme Court has specified that a writ of certiorari must be filed within 90 days after "entry of the judgment or order sought to be

reviewed, and not from the issuance date of the mandate." Supreme Court Rule 13(1), (3).

In this case, Rulon-Frederick's initial motion in Case No. 2:11-cv-792 was filed before he self reported to the BOP. Because he was not in custody, that motion was premature under section 2255. Moreover, Rulon-Frederick contends he did not intend to file the motion under section 2255. Instead, the motion was filed as of right because subject-matter jurisdiction may be challenged at any stage of a proceeding. Accordingly, the court vacates the Order it entered on January 20, 2012. (Dkt. No. 3 in Case No. 2:11-cv-792).

Due to Rulon-Frederick's representation that his Motion to Dismiss under Rule 12(h)(3) was a section 2255 motion (Dkt. Nos. 9 and 10), the court treats it as such and concludes that it was timely filed.

### B.   Motion Filed Under Case No. 2:12-cv-821

With respect to motion filed under Case No. 2:12-cv-821, the motion falls within the scope of section 2255. Rule 1 of the Rules Governing Section 2255 Proceedings states the scope of section 2255. It applies when a person in custody asserts "the judgment violates the Constitution or laws of the United States," or "the court lacked jurisdiction to enter the judgment." Rule 1(a)(1) (2) of the Rules Governing Section 2255 Proceedings. Although Rulon-Frederick contends the motion was not brought under section 2255, the substance of the motion falls within the scope of that section. The court therefore informed Rulon-Frederick that it was treating it as a 2255 motion. *See* Order to Amend Deficient Mot. & Mem. Dec., 1 (Dkt. No. 6). The court warned Rulon-Frederick that the motion was deficient and would need to be amended to avoid dismissal. Rulon-Frederick did not correct the deficiencies. On that ground alone, the motion may be dismissed. The motion

also may be dismissed because it was not filed timely.  *See* 28 U.S.C. § 2255(f)(1).

Rulon-Frederick, however, has persistently raised jurisdictional issues throughout his criminal case and in the two present civil matters.  He has filed multiple motions and notices on the issue.  Due to Rulon-Frederick's efforts, despite the procedural deficiencies that exist in both cases, the court addresses the substance of Rulon-Frederick's arguments.

## II.     SUBJECT-MATTER JURISDICTION

During the underlying criminal case and in the present motions, Rulon-Frederick has challenged the court's subject-matter jurisdiction.  "'A lack of subject matter jurisdiction means a court's lack of jurisdiction over an entire category of cases . . . .'"  *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1347 (10th Cir. 2000) (quoting Moore's Federal Practice 3d § 60.44[2][a b] (3d 1997)) (alteration omitted).  Under 18 U.S.C. § 3231, Congress defined the category of criminal cases a federal district court could hear.  The section states, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.  In other words, district courts have jurisdiction to hear any case involving a federal criminal statute.  In *United States v. Blackstock*, 245 Fed. Appx. 746, 750 (10th Cir. 2007), the Tenth Circuit  stated "[t]his category of offenses obviously includes the tax crimes defined in Title 26." (Quotations, citation and alteration omitted.) Because Rulon-Frederick was charged with tax crimes under 26 U.S.C. §§ 7201 and 7212(a), the court had subject-matter jurisdiction to hear his criminal case.  Likewise, the court has authority pursuant to 28 U.S.C. § 1331 to hear Rulon-Frederick's present challenge, which raises constitutional issues through a civil

proceeding.[2]

### III. SUPERSEDING INDICTMENT

Rulon-Frederick also contends the United States failed to properly charge him with a crime under the Superseding Indictment. In particular, he contends a portion of the Tax Code related to collection of state income tax was repealed in 1990. Because that law was no longer in effect, he argues that he cannot be charged with a crime for evading "any tax" or obstructing the IRS in collecting that tax. The Superseding Indictment does not mention state income tax. Instead, it refers to tax owed to the Internal Revenue Service. Rulon-Frederick acknowledged those facts when he voluntarily and knowingly pled guilty. *See* Statement in Advance of Plea, ¶ 11 (Dkt. No. 369 in Case No. 2:08-cr-525).

The Supreme Court has stated, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Thus, when "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*; *see also United States v. Doe*, 698 F.3d 1284, 1289 (10th Cir. 2012) (citing this principle). Courts have applied this rule to challenges about an insufficient indictment or an indictment that fails to "charge

---

[2] In the underlying criminal case and other related cases, Rulon-Frederick has further challenged whether this court is a proper Article III court and whether this judge is an Article III judge. This issue has been addressed and rejected in multiple opinions. *See e.g.*, *United States v. Welsh*, 316 Fed. Appx. 222, 224 (4th Cir. 2008) (rejecting as frivolous that a district court was not an Article III court); *Daniels v. United States*, Civ. No. 10-00495, 2011 U.S. Dist. LEXIS 17917, at *7 (D. Ha. Feb. 23, 2011). The court therefore will not revisit the issue.

a crime against the United States." *United States v. De Vaughn*, 694 F.3d 1141, 1148 49 (10th Cir. 2012) (quotations and citation omitted). Although there are narrow exceptions to this rule, those exceptions are not applicable here. Because Rulon-Frederick voluntarily and intelligently entered a plea of guilty, the court denies Rulon-Frederick's motions to vacate the judgment against him.

## IV. PROSECUTION'S CONDUCT

Rulon-Frederick also challenges the prosecution's conduct during the Grand Jury proceeding. He contends the government failed to inform the Grand Jury about exculpatory information. He further contends the government improperly characterized the witnesses' religious beliefs and prejudiced the jury about the Order of Tranquility in contravention of the First Amendment. Again, these claims relate to an alleged denial of constitutional rights that occurred prior to Rulon-Frederick solemnly admitting in open court that he was guilty of the offenses charged. Accordingly, he cannot challenge that misconduct or discrimination occurred during the Grand Jury process. *See Tollett*, 411 U.S. at 266.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order in a proceeding under section 2255, the court must address whether a certificate of appealability should be issued. Rule 11(a) of Rules Governing Section 2255 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Rulon-Frederick has failed to make a substantial showing that he was denied a constitutional right. Accordingly, the court denies a certificate of appealability in both cases for his 2255 motions.

**VI.  IN FORMA PAUPERIS PETITION**

In both civil matters, Rulon-Frederick also has filed a motion to proceed in forma pauperis on appeal.  He did not, however, attach a certified copy of the trust fund account statement for the six-month period preceding his notice of appeal.  *See* 28 U.S.C. § 1915(a)(2).  Because Rulon-Frederick has not complied with the statutory requirement to proceed in forma pauper the court denies both motions.[3]

**<u>CONCLUSION</u>**

For the reasons stated above, the court DENIES the motion to vacate and all related motions in Case No. 2:11-cv-792 (Dkt. Nos. 1, 4, 5, 9, and 13).  It further DENIES the 2255 motion in Case No. 2:12-cv-821 (Dkt. No. 1).

Additionally, the court DENIES the motions to proceed in forma pauperis.  (Dkt. No. 15 in Case No. 792; Dkt. No. 9 in Case No. 2:12-cv-821).

Finally, the court directs that final judgment be entered in Case No. 2:11-cv-792 and Case No. 2:12-cv-821.

DATED this 13th day of August, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] Even if he had attached the account statement, the in forma pauperis motions are moot with respect to Rulon-Frederick's 2255 motions because the court has denied a certificate of appealability.